**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **JAMES WASHINGTON, JR.,** ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **No. 3:11-CV-1087-N** |
| ) | |
| **UNIDENTIFIED PAROLE OFFICERS,** ) | |
| **Defendants.** ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the

provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the

United States District Court for the Northern District of Texas.  The Findings, Conclusions and

Recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

Plaintiff, an inmate confined in the Texas Department of Criminal Justice - Institutional

Division (TDCJ-ID), filed this complaint under 42 U.S.C. § 1983.  Plaintiff seeks leave to

proceed *in forma pauperis* under the provision of 28 U.S.C. § 1915.  The Court finds Plaintiff's

motion to proceed *in forma pauperis* should be denied.

Title 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or
> proceeding under this section if the prisoner has, on 3 or more prior occasions, while
> incarcerated or detained in any facility, brought an action or appeal in a court of the
> United States that was dismissed on the grounds that it is frivolous, malicious, or fails to
> state a claim upon which relief may be granted, unless the prisoner is under imminent
> danger of serious physical injury.

Plaintiff has filed numerous previous actions in federal court.  At least three of these

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**      Page 1

cases were filed while Plaintiff was incarcerated and were dismissed as frivolous. *See Washington v. Green*, No. W:96-CV-77 (W.D. Tex., Waco Div., Apr. 9, 1996) (dismissed with prejudice as frivolous for submitting false pleadings); *Washington v. Dodd, et al.*, No. W:92-CV-200 (W.D. Tex. Feb. 2, 1992) (dismissed as frivolous under former 28 U.S.C. § 1915(d)), *affirmed*, 5 F.3d 1495, 1993 WL 391504 (5th cir. Sep. 23, 1993) unpublished *per curiam*); *Washington v. Parker, et al.*, No. W:93-CV-376 (W.D. Tex. Apr. 27, 1995) (dismissed with prejudice for failure to state a claim), *affirmed*, 53 F.3d 1283, 1995 WL 295953 (5th Cir. Apr. 27, 1995) (unpublished *per curiam*).  Additionally, Plaintiff's complaint does not show that he is imminent danger of serious physical injury.  The Court recommends that Plaintiff's motion to proceed *in forma pauperis* be DENIED.

**RECOMMENDATION:**

For the foregoing reasons, the Court recommends that the District Court deny Plaintiff leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g).  The Court further recommends that the District Court dismiss this action pursuant to § 1915(g), unless Plaintiff tenders the $350.00 filing fee to the District Clerk within fourteen (14) days of the filing of this recommendation.

Signed this 16th day of November, 2011.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner

provided by law.  Any party who objects to any part of this report and recommendation must file

specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. §

636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific

finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's report and recommendation where the disputed

determination is found.  An objection that merely incorporates by reference or refers to the

briefing before the magistrate judge is not specific.  Failure to file specific written objections will

bar the aggrieved party from appealing the factual findings and legal conclusions of the

magistrate judge that are accepted or adopted by the district court, except upon grounds of plain

error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).